IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA TOVAR, IGNACIO, SANDOVAL )<br>)<br>       Plaintiffs, )<br>)<br>  v. )<br>)<br>CITY OF FRESNO, OFFICER )<br>STEVEN WILLIAMS, individually and )<br>in his capacity as an employee of the )<br>City of Fresno )<br>)<br>       Defendants. )<br>_____) | CV F 06-00351 AWI LJO<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR DAMAGES; AND ORDER ON DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT |

In this suit, Plaintiffs Juanita Tovar ("Tovar") and Ignacio Sandoval ("Sandoval") allege that Defendant, Fresno Police Officer Steven Williams ("Williams"), and other officers, broke into their home without a search warrant and caused damage to their person and property. Plaintiffs allege Williams and Defendant, the City of Fresno ("the City"), violated their federal civil rights under the Fourth and Fourteenth Amendments.  Defendants have filed a motion to dismiss portions of the civil rights cause of action and state law negligence cause of action.  The court has jurisdiction over the federal civil rights causes of action pursuant to 28 U.S.C. § 1331

1  and supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. §
2  1367(a).[1]

## PROCEDURAL HISTORY

On September 7, 2005, Plaintiffs filed a complaint in the Fresno County Superior Court of the State of California, pursuant to 42 U.S.C. § 1983, alleging violations of their Fourth and Fourteenth Amendment rights, in addition to state law causes of action.  First, Plaintiffs allege that Defendants' conduct violated Plaintiffs' Fourth and Fourteenth Amendment rights to be free from unreasonable searches, seizures and excessive force.  Second, Plaintiffs allege a cause of action for the violation of their rights under California Civil Code §51.7.[2]  Third, Plaintiffs allege a cause of action for False Arrest.  Fourth, Plaintiffs allege a cause of action for Assault and Battery.  Fifth, Plaintiffs allege a cause of action for Intentional Infliction of Emotional Distress. Sixth, Plaintiffs allege a cause of action for Negligence, arguing that the City breached a duty to "properly hire, train, oversee, supervise, and discipline police officers."

On March 28, 2006, Defendants moved to remove the case to this court, pursuant to 28 U.S.C. § 1441(b), because Plaintiffs asserted violations of their federal civil rights.

On April 4, 2006, Defendants filed a motion to dismiss Plaintiffs' Fourteenth Amendment cause of action against the City and Williams, Plaintiffs' Fourth Amendment cause of action against the City, and also Plaintiffs' state law cause of action for negligence. Defendants contend that Plaintiffs have failed to allege facts showing that their federal civil

---

[1] 28 U.S.C. § 1367(a) reads, in pertinent part, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy."

[2] California Civil Code § 51.7(a) reads, in pertinent part, "all persons . . . have the right to be free from any violence, or intimidation by threat of violence committed against their person or property because of political affiliation, or on account of any characteristic listed in subdivision (b) or (e) of Section 51 . . . The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive."  California Civil Code § 51(b) lists sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation.

2

rights were violated.  Defendants also argue Plaintiffs failed to allege facts sufficient to maintain their state law cause of action for negligence.  Plaintiffs have failed to respond to Defendants' motion to dismiss.

## FACTS/FACTUAL ALLEGATIONS

Plaintiffs Tovar and Sandoval allege that on or about 7:30 p.m. on June 16, 2004, Williams and other officers from the Narcotics Unit broke into their residence without showing a search warrant.  In the course of breaking into Plaintiffs' residence, Defendants were running, screaming, and breaking property.  Defendants wore masks and dark clothing and pointed armaments at Plaintiffs.  Defendants next demanded that Plaintiffs drop to the floor causing Plaintiffs to injure themselves.  Defendants yelled at Plaintiffs and accused them of selling drugs to an undercover officer.  When Plaintiffs denied this accusation, Defendants became angry and ordered Tovar outside in her bathrobe, causing her great fear, apprehension, physical injury, and humiliation.  Defendants also ordered Sandoval out of bed and outside onto the ground.  As a result of Defendants' actions, Sandoval also suffered great fear, apprehension, physical injury, and humiliation.  After Defendants failed to find drugs, they did not provide any information as to why Plaintiffs' property was damaged and their persons' violated.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim is disfavored, see Hall v. City of Santa Barbara, 833 F.2d 1270, 1274 (9th Cir.1986), and may be granted only in extraordinary circumstances, see Gilligan v. Jamco Develop. Corp., 108 F.3d 246, 249 (9th Cir.1997).  Essentially, a motion to dismiss for failure to state a claim tests plaintiff's compliance with the liberal requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294-96.  The burden imposed by Rule 8(a)(2) is a minimal one.  Rule 8(a)(2) requires parties seeking relief in federal court by way of complaint, counterclaim, cross-claim, or third party complaint, to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule

8(a)(2). It is the burden of the party bringing a motion to dismiss for failure to state a claim to demonstrate that the requirements of Rule 8(a)(2) have not been met. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.1991) ("[U]nder Rule 12(b)(6) the defendant has the burden of showing no claim has been stated."). As the Supreme Court has noted, when evaluating a complaint for failure to state a claim, the question is not whether the facts stated in the complaint, if proven, would entitle the plaintiff to any relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002). Instead, the question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Id. at 514; Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Diaz v. Gates, 380 F.3d 480, 482 (9th Cir. 2004).

When a defendant challenges the legal sufficiency of a complaint, the court's review is limited to the complaint. Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir.1993). As a general matter, a district court may not consider any material outside of the pleadings when ruling on a Rule 12(b)(6) motion. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.2001); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). If the parties present the court with evidence outside the pleadings and the court considers the evidence, the court must convert the Rule 12(b)(6) motion into a motion for summary judgment. Fed. R. Civ. Pro. 12(b)(6); Anderson v. Angelone, 86 F.3d 932, 934-35 (9th Cir.1996).

## DISCUSSION

Defendants move to dismiss Plaintiffs' cause of action against the City under the Fourth and Fourteenth Amendments. Next, Defendants move to dismiss Plaintiffs' negligence state law cause of action against the City. While Defendants also move to dismiss Plaintiffs' cause of action against Williams under the Fourteenth Amendment, Defendants have not moved to dismiss Plaintiffs' Fourth Amendment cause of action against Williams. Plaintiffs have not filed an opposition in response to Defendants' motion to dismiss portions of the complaint.

**A. Federal Constitutional Causes of Action**

Plaintiffs bring causes of action pursuant to 42 U.S.C. § 1983 for violations of their federal civil rights under the Fourth and Fourteenth Amendments. Defendants argue that Plaintiffs cannot maintain a Fourteenth Amendment cause of action against either the City or Williams. Defendants also argue that Plaintiffs cannot maintain their Fourth Amendment cause of action against the City.

*1. Fourth Amendment Claim*

The Civil Rights Act provides: Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

Section 1983 permits damages actions against municipalities, which are considered "persons" within the terms of the statute. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 (1978); Brass v. County of L.A., 328 F.3d 1192, 1198 (9th Cir. 2003). Liability may be imposed on a municipality that, under color of an official policy, causes an employee to violate another's constitutional rights. Monell, 436 at 692; Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). A plaintiff may also allege that, through omissions or improper training, the municipality is responsible for a constitutional violation committed by one of its employees, even though the municipality's policies were facially constitutional and the municipality did not direct the employee to take the unconstitutional action. City of Canton v. Harris, 489 U.S. 378, 387-389 (1989); Hopkins v. Andaya, 958 F.2d 881, 888 (1992). However, a municipality cannot be held liable solely on the basis of a respondeat superior theory. Collins v. City of Harker Heights, 503 U.S. 115, 121 (1989); Ulrich v. City and County of San Francisco, 308 F.3d 968, 984 (2002).

Plaintiffs' Fourth Amendment cause of action against the City is dismissed because the City cannot be held liable solely on the basis of a respondeat superior theory. While Plaintiffs

5

allege that Williams and the other officers broke into their residence and caused damage to their persons and property, nowhere in the complaint do Plaintiffs allege any facts showing that the City's official policy caused Williams or another officer to violate their constitutional rights. Further, Plaintiffs' complaint does not allege that the City's omissions or improper training caused Williams or another officer to do so.  While Plaintiffs allege that Williams "did not show a search warrant" prior to searching their residence, no facts are stated which show that this failure was consistent with the official policy of the City or the result of omissions or improper training.  Accordingly, this court grants Defendants' motion to dismiss the Fourth Amendment cause of action against the City.

### 2. *Fourteenth Amendment Claim*

The Fourteenth Amendment is generally used to allege a violation of a liberty right in a familial relationship. Byrd v. Guess, 137 F.3d 1126, 1130 (9th Cir. 1998).  To succeed on a Fourteenth Amendment claim based on companionship and society of a relative, the plaintiff must allege facts indicating that a familial relationship existed and that the government acted with "deliberate indifference" to that relationship.  Id. at 1134.  The deliberate indifference standard governs such claims because the Due Process Clause does not entitle a plaintiff to recover based on merely negligent conduct of a state official.  Collins v. City of Harker Heights, 503 U.S. 115, 127 n. 10 (1992).  The deliberate indifference standard allows relief for "conduct that involves a 'conscious disregard' of public safety." Fargo v. San Juan Bautista, 857 F.2d 638, 642 (9th Cir.1988).

In discussing the deliberate indifference standard in Lewis, the Supreme Court referred to the deliberate indifference standard used in Estelle v. Gamble, 429 U.S. 97 (1976), for an Eighth Amendment denial of medical care in prison claim.  The state of mind necessary for deliberate indifference has been defined in Estelle's progeny. Under this standard, deliberate indifference entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official does not act in a

deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id. Adopting this standard, Defendant would need to have known of and disregarded an excessive risk to Plaintiffs' familial relationship to have violated Plaintiffs' Fourteenth Amendment rights. Id. Thus, the question becomes whether Plaintiffs have alleged Defendants knew of and disregarded an excessive risk.

Here, Plaintiffs' civil rights cause of action based on the Fourteenth Amendment is dismissed because Plaintiffs have failed to allege their theory of a Fourteenth Amendment cause of action. Though both Plaintiffs allege that they have experienced "fear, apprehension, physical injury and humiliation," they have not alleged that Defendants acted with deliberate indifference to a familial relationship. Though Plaintiffs allege that Williams and the other officers caused damaged to their property, Plaintiffs have failed to allege that Defendants knew of and disregarded an excessive risk to their familial relationships. Finally, Plaintiffs have failed to allege another viable basis for their Fourteenth Amendment cause of action. Thus, the Fourteenth Amendment cause of action against the City and Williams is dismissed.

### 3. Fourth Amendment Claim Against Williams

Defendants have not moved to dismiss Plaintiffs' Fourth Amendment cause of action against Williams. Should Plaintiffs fail to amend the Fourteenth Amendment section of their complaint, this case will proceed on the Fourth Amendment cause of action against Williams.

**B. State Negligence Cause of Action**

Defendants argue that Plaintiffs' California state law negligence cause of action is deficient because their negligence theory is not based on statute in accordance with California Government Code § 815. Plaintiffs have not opposed Defendants' motion to dismiss this state law cause of action.

### 1. California Government Code § 815

The California Tort Claims Act reads, in pertinent part, "except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee

7

of the public entity where the employee is immune from liability." CAL. GOV'T CODE § 815.

The California Tort Claims Act abolished all common law or judicially declared forms of liability for public entities, except for such liability as be may required by the state or federal constitution. Id. Given that all government tort liability must be based on statute, the general rule that statutory causes of action be pleaded with particularity is applicable. Lopez v. Southern Cal. Rapid Transit Dist. 40 Cal.3d 780, 795 (1985); Van Ort v. Estate of Stanewich, 92 F.3d 831, 840 (1996). However, a liability may be based on statute "if a statute defines a tort in general terms." Levine v. City of Los Angeles, 68 Cal.App.3d 481, 487 (1977); Lonberg v. City of Riverside, 300 F. Supp. 2d 942, 947 (2004).

Here, Plaintiffs allege that "... the City of Fresno had a duty to properly, hire, train, oversee, supervise and discipline police officers so as to prevent violations of Plaintiffs' constitutional, statutory, and common law rights and to prevent physical injury to Plaintiffs. Further, Defendant police officers had a duty to conduct themselves and operate their police vehicles reasonably in order to avoid foreseeable injury to Plaintiffs." However, Plaintiffs have failed to allege that this negligence is based on a state or federal statute. Plaintiffs have also failed to identify a statute that defines the alleged tort in general terms. Accordingly, Plaintiffs' cause of action for negligence against the City and Williams is dismissed.

### 2. *Remaining State Law Causes of Action*

Defendants have not moved for dismissal of the other state law causes of action. Should Plaintiffs fail to amend their complaint with regard to the Fourteenth Amendment, the remaining state law causes of action will proceed along with the Fourth Amendment cause of action against Williams.

### 3. *Supplemental Jurisdiction*

The court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Section 1367 adopts

the full constitutional limit of supplemental jurisdiction. Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1172-73 (9th Cir. 2002); Baer v. First Options of Chicago, Inc., 72 F3d 1294, 1299 (7th Cir. 1995). Non-federal claims are part of the same "case" as federal claims when they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." Finley v. United States, 490 U.S. 545, 549 (1989) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)).

The court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Once no federal causes of action remain in a given case, it is within the discretion of the district court to determine whether to dismiss the remaining claims. Id.; United Mine Workers, 383 U.S. at 726; Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 715 (9th Cir.1990). Given the early stage of these proceedings, this Court should find that the values of judicial economy, convenience, fairness, and comity would best be served if any state law claims were litigated in state court. Thus, the parties should be forewarned that in the event all federal causes of action are dismissed, any state law causes of action will be litigated in state court.

**C. Leave to Amend**

Generally, dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by amendment. Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996); Screiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986). As for the federal constitutional causes of action, it is possible that Plaintiffs could amend their complaint to establish that the City's policy caused Williams, or the other officers, to violate their constitutional rights, or that an omission or improper training caused them to do so. Plaintiffs may also establish that a familial relationship existed between Tovar and Sandoval to which Defendants acted with deliberate indifference toward. As for the negligence cause of action, this Court is unaware of any statute that would allow Plaintiffs to maintain a state law cause of action against Defendants pursuant to California Government Code § 815. However, if

9

Plaintiffs can find a relevant statute that was violated, the negligence cause of action may be amended accordingly. If the complaint is not amended, the court will proceed on the Fourth Amendment cause of action against Williams and remaining state law causes of action.

## CONCLUSION AND ORDER

Plaintiffs have failed to allege facts showing that the City violated their rights under the Fourth Amendment through a policy, omission or improper training. Plaintiffs have failed to allege facts which would indicate that a familial relationship existed, and that the City and Williams violated their Fourteenth Amendment rights by acting with deliberate indifference to this relationship. Finally, Plaintiffs have failed to allege any facts or identify a state or federal statute that would entitle them to relief under their state negligence cause of action. Unless Plaintiffs amend their complaint in accordance with the above findings, this case will proceed under the Fourth Amendment cause of action against Williams, the cause of action for the violation of their rights under California Civil Code §51.7, the cause of action for False Arrest, the cause of action for Assault and Battery, and the cause of action for Intentional Infliction of Emotional Distress.

Pursuant to the standard for a Rule 12(b)(6) motion to dismiss, Defendants appear to have satisfied their burden of showing that no cause of action under the Fourth or Fourteenth Amendment against the City has been stated, that no state law negligence cause of action against the City and Williams has been stated, and that no cause of action under the Fourteenth Amendment against Williams has been stated. For the reasons stated above, IT IS HEREBY ORDERED that Defendants' motion to dismiss those portions of Plaintiffs' complaint for damages is GRANTED with leave for Plaintiffs to amend.

IT IS SO ORDERED.

**Dated:   July 24, 2006**            /s/ Anthony W. Ishii
0m8i78                                UNITED STATES DISTRICT JUDGE