# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA TOVAR, IGNACIO SANDOVAL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF FRESNO, OFFICER STEVEN WILLIAMS, individually and in his capacity as an employee of the City of Fresno<br><br>Defendants.<br>_____/ | CASE NO. 1:06-CV-00351 LJO GSA<br><br>**ORDER ON DEFENDANTS' MOTION FOR ATTORNEY FEES**<br><br>(Doc. 38) |

## I. INTRODUCTION

Defendants City of Fresno and Officer Steven Williams (collectively referred to as "defendants") filed a motion for attorneys fees pursuant to 42 Sec. 1988 ("section 1988") on the grounds that plaintiffs' federal claims are frivolous, unreasonable, and groundless. Defendants also seek fees under California Code of Civil Procedure section 1038 ("section 1038"), on the grounds that plaintiffs lacked reasonable cause to maintain their state law claims. This Court conducted a hearing on defendants' motion on November 2, 2007. Ms. Tovar and Mr. Sandoval (collectively "plaintiffs") appeared by counsel Ali Nehme, Tafoya & Associates. Defendants appeared by counsel Benjamin Ratliff, Weakley, Ratliff, Arendt & McGuire, LLP. For the reasons discussed below, this Court DENIES defendants' motion.

## II. BACKGROUND

### A. Summary

This case was filed after members of the City of Fresno Police Department ("police") erroneously served a search warrant at plaintiffs' residence based on a belief that drug trafficking was occurring on plaintiffs' property. On June 16, 2004, a search warrant was prepared and was signed later that day by

1  Judge Simpson, Fresno County Superior Court Judge.

2  At 7:30 that evening, approximately 7-10 members of the Major Narcotics Unit traveled to the
3  residence to execute the search warrant, including Sergeant Williams, who was in charge of the overall
4  execution of the search warrant.  Ms. Tovar was instructed to exit the house and was escorted outside
5  by police officers.  She was asked if she knew "Ortiz," the suspected drug manufacturer.  After two
6  detectives performed a protective sweep, and Mr. Sandoval was located in the bedroom, it was
7  determined that the plaintiffs were not involved in any criminal activity.  When leaving, Sergeant
8  Williams referred Ms. Tovar to the City of Fresno's risk management office in relation to the damaged
9  door and fence.

10  Based on the above, plaintiffs filed the instant action alleging Fourth Amendment excessive force
11  and unlawful search and seizure claims, as well as Fourteenth Amendment Due Process and Equal
12  Protection Claims pursuant to 42 USC § 1983.  The remaining causes of action were pursuant to state
13  law against Steven Williams for a violation of Civil Code § 51.7 (second), false arrest (third), assault
14  and battery (fourth) and intentional infliction of emotional distress (fifth). On August 3, 2007, Judge
15  O'Neill granted defendants' motion for summary judgment on all counts. Defendants filed a motion for
16  award of defense costs in the amount of $29,023. In the alternative, defendants request an award in the
17  amount of $10,895.53 which is the amount they contend was spent after plaintiffs knew that the action
18  was frivolous.

19  **B. Plaintiffs' Claims**

20  **1.    Mr. Sandoval's Claims**

21  Mr. Sandoval was in the bedroom when the search warrant was executed. He claimed that guns
22  were pointed at him and he was told to get on the floor.  Officers eventually took Mr. Sandoval outside
23  of the residence but he did not allege that he suffered any physical pain as a result of the officer's
24  conduct.

25  In September 2006, Mr. Sandoval indicated that he did not want to be represented by current
26  counsel and that he wanted to dismiss his claims.  After a series of hearings and motions, Judge O'Neill
27  determined that current counsel would proceed with the case and Mr. Sandoval's claims would be
28  adjudicated on the merits.  Because Mr. Sandoval filed no substantitve opposition to the motion for

summary judgment, the court deemed the motion unopposed.

**2.     Ms. Tovar's Claim**

Ms. Tovar's federal claims were based on defendants violation of her constitutional rights. Specifically, Ms. Tovar based her Fourth Amendment unreasonable search and seizure claims on the fact that defendants did not have probable cause to search the residence, and defendants did not execute the warrant properly.  With regard to the execution of the warrant, Ms. Tovar specifically alleged that: 1) defendants did not knock and announce their presence prior to executing the warrant, 2) plaintiffs were unreasonably detained during the execution of the warrant, 3) defendants did not display the search warrant, and 4) the property damage that occurred during the warrant was unnecessary.  Ms. Tovar also argued that there was an unreasonable seizure under the Fourth Amendment when officers escorted her outside.  She based her Fourteenth Amendment Substantive Due Process Claim on the same facts as the Fourth Amendment claims. She argued a violation under the Equal Protection Clause because she alleged she had been discriminated against and mistreated because she is Hispanic.

Ms. Tovar's state claims were also based on the city's failure to follow the appropriate protocol regarding the execution of the search warrant.   She argued violations of California Civil Code § 51.7 because police violated her right to be free from violence, or intimidation by threat of violence against her person or property because of race, color, or national origin.  She also argued false arrest and battery because officers had their guns pointed when the search warrant was executed, she was not free to leave, and she was pushed out of her home.  Finally, the basis Ms. Tovar's intentional infliction of emotional distress claim was that she experienced severe stress as a result of the police mistreatment as evidenced by the fact that she urinated on herself after she was escorted outside of the house by police.

### C. Motion for Summary Judgment

On July 2, 2007, defendants filed a motion for summary judgment.  On August 3, 2007, Judge O'Neill granted the motion and made the following rulings:

1)     Probable cause existed at the time the search warrant was executed.  Plaintiffs failed to provide any evidence that officers acted intentionally or recklessly in procuring the search warrant.

2)     Plaintiff failed to present evidence that the officers failed to knock and

announce their presence when the search warrant was executed.

3) Officers executing a search warrant have the authority to detain the occupants of the premises while a proper search is being conducted. In this case, the duration of the detention of plaintiffs was not unreasonable.

4) Although there is a statutory requirement that an officer show a copy of a warrant to the person from whom or from whose premises property is taken, neither the Fourth Amendment nor Rule 41 of the Federal Rules of Criminal Procedure requires that the executing officer serve the warrant on the owner prior to commencing the search.

5) Even if ultimately the police searched the wrong house, the search warrant was based on probable cause and it particularly described the house that police believed to be the residence of the suspect based on surveillance and their investigation into DMV records.

6) The damage to plaintiffs' door and fence was not unnecessarily destructive given the circumstances of the search warrant.

7) The police officer's conduct in escorting Ms. Tovar was objectively reasonable and did not constitute an unreasonable seizure.

8) Plaintiff failed to provide evidence to support an official act of discrimination, any direct evidence of intentional discrimination, any departure from normal procedures, or that the procedures employed were based on her race.

9) Police officers have a right to detain a person while executing a search warrant. In this case, plaintiff was not detained any longer than necessary and her false arrest claims must fail.

10) The force applied in evacuating Ms. Tovar from the residence was legally permissible.

11) Although Ms. Tovar urinated on herself, the police were legally justified in removing Ms. Tovar from the house and detaining her until the search was completed. There is no evidence that the police officer's conduct was so extreme as to exceed all bounds of that usually tolerated in a civilized society sufficient to establish intentional infliction of emotional distress.

## III. DISCUSSION

### A. Section 1988 Defense Costs Award

Section 1988(b) provides that in "any proceeding to enforce a provision" of 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." The standard to award section 1988(b) attorney fees depends on which side prevails:

> The authorization of an award of attorney's fees under 42 U.S.C. § 1988 applies differently to prevailing defendants than to prevailing plaintiffs. . . . [A] prevailing defendant should not routinely be awarded attorney's fees simply because he has succeeded, but rather only where the action is found to be "unreasonable, frivolous, meritless, or vexatious" . . . Thus, the mere fact that a defendant prevails does not automatically support an award of fees.

Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir. 1994), *cert. denied*, 513 U.S. 1000, 115 S.Ct. 510 (1994). The Ninth Circuit has further held that "[a]ttorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Brooks v. Cook,* 938 F.2d 1048, 1055 (9th Cir. 1991); *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990); *see also Thomas v. Douglas*, 877 F.2d 1428, 1434, n. 8 (9th Cir. 1989)(defendants' attorney's fees request denied although summary judgment for defendants).

A defendant may recover attorney's fees from the plaintiff "only if the District Court finds 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' . . . The plaintiff's action must be meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694 (1978)). Furthermore, a defendant may recover attorney fees if the plaintiff continued to litigate after a claim "clearly became" frivolous, unreasonable or groundless. *Hughes*, 449 U.S. at 15, 101 S.Ct. 173. Under section 1988(b), the prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964 (1968); *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933 (1983).

A case is frivolous when "the result is obvious or the arguments are wholly without merit." *Vernon*, 27 F. 3d 1385, 1402. The fact that a plaintiff may ultimately lose his case is not itself a sufficient justification for the assessment of fees. *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S. Ct. 178 (1980);

quoting *Christiansburg Garment Company v. EEOC*, 434 U.S. 412, 422 (1978).

Defendants presented lengthy arguments in support of the motion wherein they argued that plaintiffs' claims were frivolous and meritless. Plaintiffs filed a response arguing that based on the current state of the law with regard to the particularity requirement of search warrants and the requirement to serve a search warrant, plaintiffs claims were not frivolous.

Having read and reviewed the arguments and exhibits presented, the Court cannot conclude that defendants are entitled to attorney fees. In this case, the plaintiff relied upon facts that were not meritless to challenge the existence of probable cause and the validity of the search warrant including: 1) that Officer Lincoln and Officer Williams who were officers involved in the investigation, both admitted in their depositions that they never met with the suspect at or near plaintiffs' house, 2) that they never saw the suspect enter the plaintiffs' residence, 3) that no drug transactions occurred at the residence and, 4) that Detective Lincoln indicated that the did not check the public utilities records which would have indicated that plaintiffs had been living at the residence for 13 years.

It was not frivolous or unreasonable for the plaintiffs to present those facts and arguments to the court to challenge the existence of probable cause and the validity of the search warrant especially in light of the fact that the police executed the search at the wrong house. Defendants' arguments that court should grant attorney fees once plaintiffs' expert testified that no excessive force was used in connection with the incident are unpersuasive since the excessive force claim is closely related to the validity of the search warrant. Finally, the fact that the plaintiffs are elderly and Ms. Tovar urinated on herself during the course of the search indicate that she did in fact suffer significant stress. In sum, plaintiffs' case was not groundless or without merit and the circumstances at hand render an attorney fees award unjust.

### B. Section 1038 Defense Costs Award

The defendants further seek an award of costs to defend plaintiffs' state law claims. Section 1038(a) provides in pertinent part:

> (a) In any civil proceeding under the California Tort Claims Act . . . , the court, upon motion of the defendant . . . shall, at the time of the granting of any summary judgment . . . determine whether or not the plaintiff . . . brought the proceeding with reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the

6

> complaint . . . . If the court should determine that the proceeding was not brought in good faith and with reasonable cause, an additional issue shall be decided as to the defenses costs reasonably and necessarily incurred by the party or parties opposing the proceeding, and the court shall render judgment in favor of that party in the amount of all reasonable and necessary defense costs, in addition to those costs normally awarded to the prevailing party.

Section 1038 applies to initiation of an action and "to steps to pursue it after it has been filed." *Knight v. Capitola*, 4 Cal.App.4th 918, 931, 6 Cal.Rptr.2d 874 (1992). "To avoid an order to pay defense costs under section 1038, a plaintiff must have filed and pursued the action in good faith *and* with reasonable cause. . . . Thus a defendant who can meet the procedural criteria of section 1038 need only show *either* that the plaintiff did not act in good faith *or* that the plaintiff lacked reasonable cause for the action." *Knight*, 4 Cal.App.,4th at 931-932, 6 Cal.Rptr.2d at 882 (Italics in original); *Kobzoff v. Los Angeles County Harbor/UCLA Medical Center,* 19 Cal. 4th 851, 855, 863-864, 80 Cal. Rptr 2d 803 (1998). "A defendant may not recover section 1083 costs simply because it won a summary judgment or other dispositive motion; victory does not per se indicate lack of reasonable cause. The victory is simply the first step." *Kobzoff,* at 19 Cal. App. at 856, 80 Cal. Rptr. 2d at 806. (citations omitted).

In this case, the police executed a search warrant at the wrong residence. Although the court ultimately found that the search warrant was valid, the police made an error which may have been avoided if police officers had taken additional steps to confirm the information related to their suspect and the occupants of the residence. Based on the above analysis, the lawsuit was instituted in good faith and with reasonable cause.

### IV. CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES defendants' motions for attorneys fees pursuant to 42 U.S.C.§ 1983 and California Code of Civil Procedure § 1038.

IT IS SO ORDERED.

Dated:   **November 9, 2007**               /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE